UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dontae Mathis, | Case No. 2:23-cv-892-JAD-BNW |
| Plaintiff, | |
| v. | ORDER and REPORT AND RECOMMENDATION |
| Robert Stephens, et al., | |
| Defendants. | |

Pro se Plaintiff brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a)(1) showing an inability to prepay fees or costs or give security for them. The court now screens Plaintiff's complaint.

I.   ANALYSIS

   A.   **Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.§ 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); accord Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  See

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the complaint

Plaintiff's Complaint asserts claims under the Fourteenth Amendment's Equal Protection Clause, the Fourteenth Amendment's Due Process Clause, and the Eighth Amendment's Cruel and Unusual Punishment Clause. He names Assistant District Attorney Robert Stephens and District Judge Monica Trujillo as Defendants.

Plaintiff asserts that defendants conspired with each other to bring about an improper extradition, an improper validation of a guilty plea, and the imposition of a sentence based on such plea. The gist of his complaint is that he is serving time for a claim that has been dismissed. As explained below, the named defendants are immune from suit based on the conduct Plaintiff asserts in his complaint. Nevertheless, Plaintiff may be able to assert a habeas corpus claim.

**1. Judge Monica Trujillo**

"Absolute immunity is generally accorded to judges . . . functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon

his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial . . . , courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain immunity even when they misinterpret the law or when their actions are erroneous and malicious. *See Wilson*, 2009 WL 1940102, at *2 (collecting cases).

Even liberally construing Mathis' complaint, the court finds that the claims against Judge Trujillo are barred by judicial immunity. Judge Trujillo's actions (extradition order, acceptance of guilty plea, imposition of sentence) constituted judicial acts because they were part of her normal functions as a state court judge; the events related to a case pending before her; and her acts were pursuant to her official capacity. Mathis does not allege facts indicating that Judge Trujillo's actions were not judicial acts or that she acted in clear absence of all jurisdiction. Given that Mathis' claims are barred by judicial immunity, it does not appear that additional factual allegations would overcome immunity. As a result, the court recommends that the claims against Judge Trujillo be dismissed without leave to amend.

**2. Deputy District Attorney Robert Stephens**

Deputy District Attorneys are also immune from suit in this case. Prosecutors are entitled to immunity from Section 1983 suits "when [they] act within the scope of [their] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). To maintain a Section 1983 claim against

a prosecuting attorney, there must be proof that the prosecutor "acted outside of [his] prosecutorial function to the injury of the plaintiff." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 777 (9th Cir. 2001). Here the violations identified by Plaintiff's complaint relate to actions taken by the Deputy District Attorney within the scope of his prosecutorial duties. Therefore, Deputy District Attorney Robert Stephens is immune from suit. The court recommends that the claims against him be dismissed without leave to amend.

## II.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT IS RECOMMENDED that Plaintiff's complaint against Judge Trujillo and Deputy District Attorney Stephens be dismissed without leave to amend.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff copies of an *in forma pauperis* application form for a prisoner, instructions for the same, a blank 28 U.S.C. § 2254 habeas corpus form, and instructions for the same.

IT IS FURTHER RECOMMENDED that Plaintiff be allowed to file a habeas corpus petition and an in forma pauperis application in a new action, but not file any further documents in this action.

DATED: September 18, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE